IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **MARGARITA SHEPARD,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **EP-07-CV-00307-KC** |
| | § | |
| **LONGHORN PIPELINE** | § | |
| **PARTNERS, L.P., MAGELLAN** | § | |
| **MIDSTREAM PARTNERS, L.P.,** | § | |
| **Jointly and Severally, and JUAN** | § | |
| **ONTIVEROS, Individually,** | § | |
| | § | |
| Defendants. | § | |

**ORDER**

On this day, the Court considered Plaintiff's Motion to Remand. For the reasons set forth herein, Plaintiff's Motion is **DENIED**.

**I.    BACKGROUND**

Margarita Shephard ("Plaintiff") was employed as a security guard by Longhorn Partners Pipeline and Magellan Midstream Partners ("Defendants"), and was subsequently hired to perform cleaning duties for them. Pl.'s Mot. to Remand 1. Plaintiff asserts that during her employment her supervisor sexually harassed and assaulted her. *Id.* On July 20, 2006, Plaintiff filed a "Charge of Discrimination" with the Equal Employment Opportunity Commission ("EEOC"). Pl.'s Original Compl. 5. On January 12, 2007, Plaintiff filed suit in state court in El Paso, Texas for "sexual harassment," "wrongful termination," and "negligent hiring." *Id.* at 1, 3-4. On September 7, 2007, Defendants removed the case to this Court based upon federal question jurisdiction. Notice of Removal 2. On October 4, 2007, Plaintiff filed the instant Motion to Remand. Pl.'s

Mot. to Remand 1.

## II. DISCUSSION

### A. Standard

A defendant may remove a case to the federal district court in the division embracing the place where such action is pending in state court. 28 U.S.C. § 1441(a) (2006). The district court is required to remand a case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction over the case. 28 U.S.C. § 1447(c). Where the jurisdiction of the court is challenged, the burden is on the party seeking to preserve the district court's removal jurisdiction. *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 921-22 (5th Cir. 1997); *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res.*, 99 F.3d 746, 751 (5th Cir. 1996). The removal statutes are to be construed strictly against removal and in favor of remand. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988); *Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986).

### B. Analysis

In her Motion to Remand, Plaintiff argues that, as master of her Complaint, she intends to brings only state law claims, with no reference to a federal claim under Title VII. Pl.'s Mot. to Remand 3. Thus, she states that because her Complaint lacks a federal law claim, this Court does not have subject matter jurisdiction to hear her case.[1] *Id.* at 4-5. Defendants respond that Plaintiff failed to exhaust administrative remedies as required by the Texas Labor Code prior to

---

[1] Diversity jurisdiction has not been raised as a basis for the Court's jurisdiction.

filing her Complaint.  Defs.' Resp. to Pl.'s Mot. to Remand ("Response") 3.  As a result, they argue, no court can exercise jurisdiction over the state law sexual harassment and wrongful discharge claims, leaving only federal claims viable.  *Id.*  Accordingly, Defendants argue that this Court has subject matter jurisdiction over the only possible claims, the federal claims, and should therefore deny Plaintiff's Motion to Remand.  *Id.* at 6.

Under Texas law, a person claiming employment discrimination must exhaust all administrative remedies prior to bringing a civil action in district court.  *Schroeder v. Tex. Iron Works, Inc.*, 813 S.W.2d 483, 488 (Tex. 1991).  Failure to satisfy this requirement creates a jurisdictional bar to the claim.  *Id.* (citing *Green v. Aluminum Co. of Am.*, 760 S.W.2d 378, 380 (5th Cir. 1988)).  To initiate the administrative process, an aggrieved employee must file a complaint with the EEOC or Texas Workforce Commission - Civil Rights Division ("TWC-CRD") no later than the 180th day after the date the alleged unlawful employment practice occurred.[2]  TEX. LAB. CODE ANN. §§ 21.201-.202 (Vernon 2007); *Specialty Retailers, Inc. v. DeMoranville*, 933 S.W.2d 490, 492 (Tex. 1996).  In addition, as part of the exhaustion requirement, the aggrieved employee must also allow the TWC-CRD to dismiss the complaint or resolve the complaint within 180 days before filing suit, and the employee must file suit no later than two years after the agency complaint is filed.  *Wooten v. Federal Exp. Corp.*, No. 3:04-CV-1196-D, 2007 WL 63609, at *9 (N.D. Tex. Jan. 9, 2007) ("[E]xhaustion occurs when the complainant files a timely charge with the commission and waits 181 days to file suit."

---

[2] When a complainant files her initial charge with the EEOC, her charge will also be considered filed with the TWC-CRD.  *See Vielma v. Eureka Co.*, 218 F.3d 458, 462-63 (5th Cir. 2000); 40 TEX. ADMIN CODE §§ 819.71, 819.76 (West 2007) (discussing the Texas Workshare agreement with the EEOC) . Thus, Plaintiff's filing the charge with the EEOC in this case satisfies the requirement of filing a charge with the TWC-CRD.

(quoting *City of Houston* v. Fletcher, 63 S.W.3d 920, 922 (Tex. App. 2002))); *Rice v. Russell-Stanley, L.P.*, 131 S.W.3d 510, 513 (Tex. App. 2004); *see Westbrook v. Water Valley Ind. Sch. Dist.*, No. 03-04-00449-CV, 2006 WL 1194527, at *3 (Tex. App. May 5, 2006).

In this case, Plaintiff has a jurisdictional bar to her state law claim. According to Plaintiff, she filed the EEOC charge on July 20, 2006.[3] She then proceeded to file her state law case on January 12, 2007. Thus, 176 days elapsed between the filing of the charge and the filing of her case. Plaintiff did not wait the 180 days necessary to exhaust Texas administrative remedies as set out in the statutes and case law cited above. Accordingly, she is precluded from bringing a state law claim for employment discrimination.

Plaintiff cites the case of *Lorenz v. Texas Workforce Commission*, 211 Fed. App'x 242 (5th Cir. 2006) to support her claim. In *Lorenz*, the plaintiff's complaint set forth a wrongful discharge claim. *Id.* at 245. The complaint was unclear as to which law Plaintiff relied on to support the claim, but the plaintiff argued that he was bringing the claim under state law. *Id.* at 244-45. The Fifth Circuit explained that the complaint was ambiguous as to the exact cause of action stated, and found that the claim could, in fact, be brought under either state or federal law. *Id.* at 245. The court held that, because any ambiguities must be construed against removal, the possibility that plaintiff's ambiguous claim was a state law claim necessitated remand to state court. *Id.*

The Court finds the *Lorenz* case to be inapposite to the instant case. Though the

---

[3] The Court notes that the EEOC charge that was attached to Defendant's Notice of Removal bears the date and time stamp "2006 JUL 25  P 2:23." The charge itself was signed and dated "20 July 2006." Thus, the Court is not certain whether the charge was filed on July 20 or July 25. Nevertheless, the Court will construe this uncertainty in favor of Plaintiff, using the earlier date. This assumption does not impact the Court's holding.

Complaint in this case is ambiguous on its face, citing no specific law to support the claims, a closer review of Plaintiff's facts reveals that she is precluded from bringing a state law cause of action because she failed to exhaust state law administrative remedies, as described above. Only a federal cause of action is available. Because the Court has subject matter jurisdiction to hear the only possible cause of action in this matter, the federal one, Plaintiff's Motion to Remand must be **DENIED**.

### III. CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Remand (Doc. No. 4) is **DENIED.**

**SO ORDERED**.

**SIGNED** on this 4th day of December, 2007.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE